UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LTJ Enterprises, Inc.,

      Plaintiff and
      Counter-Defendant,

v.

**MEMORANDUM OPINION AND ORDER**
Civil No. 13-2224 ADM/LIB

Custom Marketing Co., LLC,

      Defendant and
      Counter Claimant.

___

Edward E. Beckmann, Esq., Jerome S. Rice, Esq., R. Mick Spence, Esq., Hellmuth & Johnson PLLC, Edina, MN, on behalf of Plaintiff and Counter-Defendant.

Donald W. Niles, Esq., Niles Law Office, PA, Wadena, MN, on behalf of Defendant and Counter Claimant.

___

On April 16, 2014, the undersigned United States District Judge heard oral argument on Plaintiff LTJ Enterprises, Inc.'s ("LTJ") Amended Motion to Dismiss Count II of Defendant's Counterclaim [Docket No. 24]. Defendant Custom Marketing Co. ("CMC") opposes the motion. For the reasons set forth below, Plaintiff's motion is denied.

LTJ's Amended Motion to Dismiss addresses Count II of CMC's original Answer and Counterclaim [Docket No. 6]. Federal Rule of Civil Procedure 12(a)(1) provides:

> A party may amend its pleading once as a matter of course within . . . (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Id.

LTJ's original motion to dismiss was served and filed on March 3, 2014 [Docket No. 20]. On March 19, 2014, CMC timely served and filed a First Amended Answer and Counterclaim ("Am. Counterclaim") [Docket No. 25] which amended its counterclaims by deleting a previously dismissed declaratory judgment count and adding and amending factual allegations with regard to remaining counterclaims.

"It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000). "[I]f a defendant files a Motion to Dismiss, and the plaintiff later files an Amended Complaint, the amended pleading renders the defendant's Motion to Dismiss moot." Onyiah v. St. Cloud State Univ., 655 F. Supp. 2d 948, 958 (D. Minn. 2009); see Block v. Toyota Motor Corp., 795 F. Supp. 2d 880, 886 (D. Minn. 2011). LTJ's motion to dismiss is moot as a result of CMC's filing of its Amended Counterclaim.

LTJ argues that the Amended Counterclaim, which is now the operative pleading, does not cure the deficiencies in CMC's pleadings. Reply [Docket No. 27] 1. LTJ argues that the Court should dismiss CMC's counterclaim (now Count I) because CMC failed to allege that it entered into a "Dealership Agreement" as that term is defined by the Minnesota Farm Equipment Dealership Act. Id.

LTJ did not file a new, proper motion to dismiss and CMC has not had the opportunity to responded to LTJ's Reply. Even so, because the Court finds that the Amended Counterclaim properly pleads CMC's claim under Federal Rule of Procedure 8 and meets the principles articulated by the United States Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court will not require the parties to re-brief the issue.

CMC alleges LTJ violated the Minnesota Farm Equipment Dealership Act.  Minn. Stat. § 325E.061, et seq.  Am. Counterclaim ¶¶ 24-34.  In particular, CMC alleges that bin level indicators, a product for which LTJ has a patent and which LTJ was selling until recently to or through CMC, is primarily used in conjunction with agricultural grain bins.  Id. ¶25.  Therefore, CMC alleges, LTJ is a farm equipment manufacturer under Minn. Stat. § 325E.061, subd. 3.  CMC further alleges that it is or was a farm equipment dealer under Minn. Stat. § 325E.061, subd. 4 because it sold LTJ's product.  Id. ¶¶ 27-28.  CMC alleges that LTJ discriminated against CMC, charging it more than other similarly situated farm equipment dealers.  Id. ¶¶ 29-30 (citing Minn. Stat. § 325E.063(b)).  In addition, CMC alleges LTJ had a dealership agreement with CMC that was cancelled without good cause.  Id. ¶¶ 31-32 (citing Minn. Stat. § 325E.062, subd. 1).  CMC alleges a dealer relationship with LTJ evidenced by its role as seller of LTJ's product from 1997 through 2013.[1]  LTJ argues that grain bin indicators are not farm equipment, that CMC is not a farm equipment dealer, and that CMC did not have a dealership agreement with LTJ.

The court construes the pleadings in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true.  Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994) (citation omitted).  However, the factual allegations must "raise a right to relief above

---

[1] LTJ argues, in particular, that since CMC did not attach a written dealership agreement to the Counterclaim, it did not properly plead an element of the violation.  However, a "dealership agreement" under Minn. Stat. § 325E.061 defines a dealership agreement as either "an oral or written agreement of definite or indefinite duration."  In any case, the standard for a proper pleading is plausibility, not admissible evidence attached to the Counterclaim.

3

the speculative level," and push claims "across the line from conceivable to plausible." Twombly, 550 U.S. at 555, 570.  In other words, the complaint must establish more than a "sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678.  LTJ argues that CMC has simply made a formulaic recitation of the elements of the cause of action and therefore its Counterclaim has pleading deficiencies.  The Court finds that CMC has made factual allegations beyond recitation of the elements and that at this stage of the litigation the disputes between the parties are rooted in factual disputes.  CMC has presented a claim that taken in the light most favorable to the plaintiff crosses the line from conceivable to plausible.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff LTJ Enterprises, Inc.'s ("LTJ") Amended Motion to Dismiss Count II of Defendant's Counterclaim [Docket No. 24] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery

ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 11, 2014